[S. F. No. 1397.   Department Two.—July 6, 1899.]

In the Matter of the Estate of HIRAM A. PEARSONS, Deceased. ST. FRANCIS TECHNICAL SCHOOL, and ELIZABETH MALONE, Superioress, Appellants. SAN FRANCISCO LADIES' PROTECTION AND RELIEF SOCIETY et al., Respondents.

BEQUEST TO ORPHAN ASYLUMS—TECHNICAL SCHOOL FOR ORPHANS.— A bequest of money "to be equally distributed among the orphan asylums of the city and county of San Francisco," does not include a "technical school" situated therein, the primary and main purpose of which is to give to orphan girls who are fourteen years old or more such special training as will fit them for certain vocations in life, and in which the work of the girls contributes to their support.

ID.—NATURE OF ORPHAN ASYLUM.—The primary idea of an orphan asylum is that it is a place of safety, refuge, retreat, or sanctuary for indigent and dependant orphans who have no homes elsewhere, and to afford them a home with protection, support, et cetera, during the period of their dependency.

APPEAL from a decree of the Superior Court of the City and County of San Francisco settling the final account of an executor and distributing the estate of a deceased person. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

Garret W. McEnerney, for Appellants.

Joseph Hutchinson, for San Francisco Ladies' Protection and Relief Society; George W. Haight, for San Francisco Protestant Orphan Asylum; A. N. Drown, for Maria Kip Church Orphanage; Joseph Naphtaly, for Pacific Hebrew Orphans' Asylum and Home Society, and Sullivan & Sullivan, for Roman Catholic Orphan Asylum and St. Joseph's Roman Catholic Infant Asylum, Respondents.

McFARLAND, J.—This is an appeal by the St. Francis Technical School and Elizabeth Malone, superioress thereof, from a decree of final distribution, and also from a decree settling the final account of the executor.

The deceased, Pearsons, left a will, in which he provided, among other things, that certain specific property should be sold and "the proceeds of such sale be equally distributed among the orphan asylums of the city and county of San Francisco. And the said asylums I request to be designated by the judge of the probate court." There were a large number of applicants for distributive shares of this fund, each claiming to be an orphan asylum within the meaning of the said clause in the will. On December 20, 1894, the court made a decree by which the claims of some of the applicants were allowed and those of others denied. An appeal was taken from that decree to this court and the decree was reversed; and the opinion of this court on that appeal quite fully sets forth the principles upon which the court below should be governed upon another hearing of the case. (See *In re Pearsons,* 113 Cal. 577.) After

the going down of the *remittitur* the matter was heard again by the superior court, and a decree was rendered in which six of the applicants were declared to be within the terms of the will and entitled to a distributive share of the fund. The applications of all the others were rejected, and among them was that of the St. Francis Technical School which now appeals from the decree. The appellant concedes that the six applicants were properly held to be orphan asylums and to be entitled to shares of the fund. But it claims that the court erred in holding that it was not an orphan asylum within the meaning of the will and not entitled to any share of the fund.

The court below was right in deciding against the claim of the appellant. It was not an orphan asylum within the principles declared at the former appeal. On that appeal it was held that "the prominent idea of an asylum is that it is a place of safety, a place of refuge, a retreat, a sanctuary," for indigent and dependant orphans who have no home elsewhere, and to afford them a home, with protection, support, et cetera, during the period of their dependency. The appellant here is not within this definition. Its primary and main purpose is to take such girls as chose to go to it, and who are fourteen years old or more—when their period of dependency is mostly over—and to give them such special training as will fit them for certain vocations in life. The work of the girls contributes to their support. The primary and principle purpose of the appellant is not that of an asylum as above described, but of a school. It is in fact what its name (although the name would not be controlling) indicates—a "technical school." Hospitals, reformatories, directories, and schools, although dealing with orphans, are clearly distinguishable from orphan asylums. Similar reasons which induced the court on the former appeal to reject the claims of the Boys' and Girls' Aid Society and the Girls' Directory Orphan Asylum to be beneficiaries under the will, lead necessarily to the rejection of the claim of appellant.

The case of *Wilson v. Squire*, 1 Younge & C. Ch. 654—the only authority cited by appellant—is not in point. The bequest in that case was to the governors and trustees of "The London Orphan Society on the City Road"; it was not to a class; there was only one beneficiary named, and the task of

the court was merely to determine who that single beneficiary was. Moreover, the word "asylum" did not appear in the will; the words used were "Orphan Society"; and, of course, there could be many kinds of societies connected in various ways with orphans which would not be asylums.

The judgment and decrees appealed from are affirmed.

Temple, J., and Henshaw, J., concurred.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing in Bank.